UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| ERIC JOSHUA MAPES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 4:23-cv-17-PPS-JEM |
| | ) | |
| LORETTA H. RUSH, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Pro se plaintiff, Eric-Joshua Mapes, filed a complaint and a petition for leave to proceed *in forma pauperis*. [DE 1; DE 2.]

For the reasons set forth below, Plaintiff's Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) for bringing a legally frivolous claim, failing to state a claim upon which relief may be granted, and seeking monetary relief against a defendant who is immune from such relief.

**Discussion**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two

determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a)(1). Even assuming Mapes can satisfy the financial prong, he fails the second prong analyzing the merits, thus cannot obtain ifp status.

Under the second inquiry, a court must look to the sufficiency of the complaint to determine whether it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on a defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe*, 196 F.3d at 783.

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing Mapes' complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).  A document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In this case, Mapes complains about Defendant Loretta Rush, a judicial employee, for her orders and rulings in other cases relating to Mapes.  Mapes goes into detail about a Texas conviction for rape, which he claims he is actually innocent of.  [DE 1 at 5-7.]  Defendant Rush is, of course, a justice on the Indiana Supreme Court.  Mapes claims she has "used forms of intimidation and threats of illegal sanctions all because Mr. Mapes continues to exercise his Constitutional Disability rights." [*Id.* at 11.]  He asks for a permanent injunction against Rush and to overturn all of the orders she has made. [*Id.* at 13.]  Mapes requests monetary, punitive and injunctive relief.  *Id.*

Although Mapes does not cite to it in his complaint, I am aware of the Supreme Court of Indiana's recent ruling denying Mapes' petition to transfer jurisdiction in a case challenging his sex-offender registration requirements, and noting his abusive filings and abusive conduct to Clerk personnel.  *Mapes v. State*, 201 N.E.3d 1168 (Mem.), No. 22A-MI-2489, 2023 WL 1856699 (Ind. Feb. 9, 2023).

3

To state a claim for relief under 42 U.S.C. § 1983, as Mapes purports to do here, he must allege: (1) that he was deprived of a right secured by the constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under power of state law. *Gomez v. Toledo*, 446 U.S. 635-40 (1980).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may, therefore, dismiss a claim as frivolous when it is based upon a meritless legal theory, or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 325. As mentioned before, a complaint can also be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

There are many problems with Plaintiff's complaint – to sum it all up, the claims against Judge Rush cannot be allowed to proceed. First, judicial immunity protects Judge Rush from liability under 42 U.S.C. § 1983. *Dellenbach v. Letsinger*, 889 F.2d 755, 758-59 (1989); *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). Because the acts Mapes complains about arise out of Judge Rush's judicial capacity, and within the scope of her jurisdiction, she is absolutely immune for liability under section 1983. Judge Rush is free from suit for civil damages, thus Mapes' claims fail to the extent he seeks monetary relief against a defendant who is immune from such relief. *Id.*

To the extent Mapes seeks injunctive relief – reversal of Judge Rush's rulings –

4

"judges are immune from these types of claims and plaintiff cannot pursue the injunctive relief he seeks in a separate suit." *Mohammed v. Alonso*, No. 20 CV 3481, 2020 WL 8184466, at *1 (N.D. Ill. June 29, 2020).

Mapes has provided no arguable basis for relief, as he has not made any rational argument in law or fact to support his claims, he has failed to state a claim upon which relief may be granted, and he has sought monetary relief from a defendant who is immune. While the court typically allows plaintiffs the right to replead, *see Luevano*, 722 F.3d at 1022, in this case, Mapes' claims against Judge Rush are frivolous and cannot be cured by an amendment. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here - no amendment can change the fact that Mapes has sued a defendant that cannot be liable to him under section 1983. For these reasons, Plaintiff's request to proceed without prepayment of fees is denied [DE 2], and pursuant to 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii), the complaint [DE 1] is DISMISSED without prejudice for failure to state a claim.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion for Leave to Proceed In Forma Pauperis [DE 2] is DENIED and the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

SO ORDERED.

ENTERED: February 27, 2023.

                                                      /s/   Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT